Good morning, and may it please the Court. My name is Lucas Castor, and I'm representing the appellant, Mr. Michael Frost. I'd like to reserve four minutes for rebuttal. In this case, there are two independent but equally compelling reasons to reverse the district court's decision and grant Mr. Frost a new trial. First, over plaintiff's objection, the trial court instructed the jury using defendants' erroneous and untethered honest belief instruction. The honest belief concept, however, has no place in FRSA claims. As this Court explicitly held in Tomasidus, in the contributing factor world, the relevant causal connection is between protected conduct and the adverse act, not between the subjective motivations of the actor and the adverse decision. What if the honest belief instruction had said that the defendants had no honest belief that the plaintiff had engaged in protected conduct? That the defendant believed that, I'm just trying to understand your question. It wasn't meant to be tricky. It's the scenario that the Seventh Circuit encountered. What if the instruction had asked whether the defendant had an honest belief that the plaintiff had not engaged in protected conduct? You're referring to the good faith, whether they actually engaged. I mean, that's a separate element of this decision, and that's under this burden structure, and that is something that the plaintiff has to prove, that they engaged in conduct which is in good faith. Right. Your statement was that this honest belief idea, that that concept had no place in this type of claim. It just seems to be a statement that's a bit too broad. It's broader than you need to go. What? Because the instruction here asked about honest faith belief that the person engaged in or committed the safety violation, basically. Sure. Which is captured on film, right? Yeah, and this instruction as it's worded is error in and of itself. Even if the court wants to believe that plaintiffs have to prove intent, even if the court wants to believe that this honest belief doctrine applies, this instruction as worded is also error because it doesn't relate to this good faith or other element in the plaintiff's burden. It simply says that if defendant believed that Mr. Frost engaged in the rule violation, that that's sufficient to warrant judgment in favor of defendant. However, if we look at the instructions and look at instruction 12, it says that your client has the burden of proving by the preponderance of the evidence that one, he engaged in some protected activity in good faith. Two, they were aware that he engaged of the protected activity. Three, they subjected him to an adverse employment action. And four, his protected activity was a contributing factor to the adverse actions. That was what you had to prove, right? Correct. And the jury said that your client never met the burden of proof, right? That's correct. So the jury said, given the instruction and what you had to prove, you never met the burden of proof. So then how did the alleged harmful instruction have any effect on the jury? Well, if the instruction is error, Your Honor, the presumption is that it's error. Well, just a minute. I'm suggesting that you had an instruction that said what you had to prove and the jury said you didn't prove it. So, therefore, the harmless error, whether or not it is, or whether it should have been put in there or not, the jury didn't even think about that because they said your client didn't make the burden of proof. But their argument in this sense is that the honest belief instruction applies to our burden. Well, but just a minute. If I look at the instruction 12 and what you had to prove, the honest, if you will, this honest belief instruction is not there. The 12 says you had to prove that you'd engaged in some good faith and some protected activity. You were aware that you they were aware you did. They subjected you to adverse action and there your activity was a contributing factor. And the jury says it didn't happen. And the honest belief instruction that was provided by the court is completely unconnected to anything in this case. Well, I understand. That's why I say if, in fact, the jury would have said that you had met your burden of proof, I would worry about the honest intent instruction. But when you never meet the burden of proof, what effect is it? Because defendants arguing that this honest belief instruction applies to our burden of proof. Well, but honestly, I've read the instruction. So I'm trying to say, how did it was the how was this alleged harmful instruction have any effect? Was it just harmless there? It was not your honor. Well, I don't know how you met your burden of proof. So it seems to me to have been harmless there. Well, what the jury what the instruction, the honest belief instruction allowed, is it allowed the jury to completely ignore any contrary evidence and simply rule in favor of defendant if they believe Mr. Frost violated a rule. But that's not the question about contributing factor. The question about contributing factor, let's assume, for example, that Mr. Frost violated a rule. But BNSF never disciplined anybody for violating that rule. And they never terminated anybody. Under this instruction, as it's worded, it permitted the jury to ignore all other evidence and rule in favor of defendant just as it did. Well, I don't know where that it gets into instruction 12 at all. Tell me where it enters into instruction 12 at all. The honest belief instruction? Yeah. The honest belief instruction. Where does it get into instruction 12? How does it have any effect on instruction 12? I think the court is hitting on exactly on the issue with the instruction. The honest belief instruction doesn't say anywhere where it applies. If it doesn't have any effect on it, then why isn't it a harmless error if it was given or not? Because defendant has to prove that it did not impact the verdict. Could we tell from this, from what we have in front of us here, can we tell whether the plaintiff ever reached the question about prima facie case? It seems to me that if the jury had followed this instruction, they could have decided based upon the video that the defendant had an honest faith, good faith belief, sorry, honest belief, that Mr. Frost committed the safety violation, end of story, without considering anything else. But that's the burden on the defendant, Your Honor, to prove that it didn't impact the verdict, and they cannot prove that when they are attempting to argue. Because they could have answered this question and stopped, right? They could have answered the honest belief instruction and stopped. Right, and so that's Judge Smith's question, I think. I think that isn't the point that we – what we have is a special verdict. It's a bit of a puzzle because we have a special verdict form that checks the box, no, the plaintiff hadn't reached its – didn't prove its prima facie case, right? That's what the jury decided. So it could be that they looked at the honest belief instruction and stopped. Correct. It could be that we need to think that that honest belief instruction conflates or shifts the burden of proof to the plaintiff rather than having a two-step process. Correct. And that's exactly what the defendant has to show, is that this instruction did not impact the verdict. Okay, so wait a minute, but you have the burden of proof. And so if you can back up to show that this was right, and I understand there's a presumption of error. If I agree with you that the instruction's wrong, so that's my hypothetical, and if I agree with you the instruction's wrong, I still have a special verdict form that shows the first question the jury answered was whether you met your burden on your prima facie case. Correct. And that's where the error in the instruction is, is it says nothing about where it fits in. It says nothing about whose burden it is, what evidence to consider. It says nothing about it applying to our burden or theirs. And so the instruction is error under your assumption under this scenario. Was there a contest at trial about whether or not your client committed the safety violation? The one in April of 2012? Yes, there was, because there was evidence that he was doing his job, that he had authority. There was an issue about whether he could step on that mainline track when they had authority or what he believed to be authority. Okay, so even though there's a video showing him standing in a place that I think constitutes fouling the track, he didn't concede that he had fouled the track. That's correct, and there was also evidence of two other individuals standing on that mainline track just before the train came, and those people did not seek medical treatment. Those people were not investigated. Those people were not disciplined in any respect. Okay, so how do we know the order in which the jury went through these instructions? If the error's wrong, and I'm going to give you that for purposes of argument, sorry, if the instruction is wrong, then how do we know? How do we know? Excuse me? So are you relying on the fact that you think you've made a strong case that the instruction's incorrect and then there's a presumption in that the defendants haven't met their burden? That's correct. That's the bottom line? Because they can't show the order in which the jury proceeded? Yes, they can't show that because the jury Well, why can't they looking at the special, this is how it gets back to my question. We have a special verdict form, and you know it as well as I do. Doesn't that tell us the order in which the jury proceeded? In terms of the instructions or the verdict? The instructions. Well, the instructions were read in the order in which the court presented them. The problem with the instruction is it permitted, it was sort of untethered. It didn't say where it fits in. It didn't say you should consider this as part of the contributing factor standard. It didn't say whose burden it was to prove it. And so the jury was left to sort of consider this honest belief instruction completely separate from any other instruction in the whole instructions provided by the court. They could separate that out and simply say if BNSF believed that Mr. Frost stepped on the mainline track, that was enough. That, under any reading of the contributing factor standard, is not appropriate. You're coming up on your four minutes, and I think I interrupted Judge Smith. Okay. Were any of the defendants' managers aware of the plaintiff's protected activity? Yes. Which one? Mr. Rindy, the individual who ultimately decided to notice the investigation, got word that evening on April 12th of 2000. So Rindy. Anybody else? Mr. Craig Rasmussen also was aware of his protected conduct. Mr. Rasmussen sent out an email that evening of the near-miss incident and said, here's what happened, detailed the event, detailed that Mr. Frost requested medical treatment. Okay. So I've got Rindy and I have Rasmussen. That's correct. Was there any of those who made the decision as to what he was supposed to do that were aware? Mr. Rindy made the decision. He made the decision to make the notice. But who was it that made the decision to terminate? Mr. Rindy did, and that was undisputed. Well, just a minute. I thought samples did. No, Mr. Rindy made the decision to impose a discipline after the near-miss incident. Mr. Rasmussen, in an email after the second incident, because there's a separate incident a couple months later, Mr. Rasmussen then sends an email, the same individual who sent the email after the near-miss, to say Mr. Frost sought medical treatment, then sends an email before the investigation of the second incident saying, I want to terminate this individual. And lo and behold, he was terminated. Did you want to save some time? Yes, I would. Thank you, Your Honor. Good morning. May it please the Court. Brian Neal here for BNSF Railway, the appellee. The instruction at issue here was not incorrect. It was correct. Why wasn't it incorrect? I'm sorry? You're going to have a really uphill battle in convincing me that it's not incorrect. The honest belief rule is applicable to the FRSA. We have cases in the Eighth Circuit that so hold. We have this Armstrong case that so holds. The Armstrong case, it was a very different instruction. That was an honestly held belief that the plaintiff hadn't engaged in protected activity. Very different. That's right. And the instruction here, well, I'm actually backing up a step and going to take this in two steps. The first step is that the honest belief rule applies, and then the second step is whether the wording of this instruction is correct. As to the honest belief rule applying, the Armstrong case, of course, says that, as does the – It absolutely does not say that. It approved reluctantly the honest – an honest belief instruction that was entirely different than this one. It went to protected conduct. If the jury in that case found that protected conduct hadn't been engaged in, of course, there wouldn't be retaliation. This is entirely different. This instruction asks whether the defendant had an honestly held belief that plaintiff engaged in the conduct for which he was disciplined, the safety violation. Which is actually the more traditional statement of the honest belief rule. The Armstrong statement was an unusual statement of the honest belief rule because of the unusual circumstances of that case. If you want to talk about the disciplined conduct, which is what you've got here, then the instruction would have to talk about, in order to meet the standard under the Railroad Safety Act, it would have to say that this was the sole cause. And then you'll be talking about step two of the burden shifting, right? If the jury found that the sole reason that this person was – Mr. Frost was discharged was the safety violation, that would be entirely different than what this instruction says. Well, that gets to two issues. I mean, one is which part of the analysis does the honest belief rule go into. Is it the contributing factor analysis or the defense? And then second, it gets to the wording. Should the word sole or solely have been put into that instruction? On the first issue, let's put aside Armstrong and talk about the Powers case. With the Administrative Review Board decided, and the other side has relied extensively on the Administrative Review Board decisions, and the ARB has specifically held that the honest belief rule, as we've stated it here, applies to the contributing factor analysis under the FRSA. This court took that case on a petition for enforcement and upheld that view by enforcing that decision. And so that's step one. The honest belief rule applies, and this court has so said it was an unpublished decision. Your statement is entirely too broad. You have to tell me whether you're talking about honest belief that a safety violation occurred, in which case you would have to show that that was the sole reason for the termination or the adverse employment action versus honest belief in protected activity, in which case it would negate one of the elements of the plainest burden of proof. Okay. Those are different animals. I'm saying that the honest belief rule, which I am referring to as the one stated in our instruction, refers to the conduct that was engaged in, not the one in Armstrong, which was an unusual statement. That applies. That's what power says. As to the based on issue versus solely based on, there's two issues with that. One is there was never an objection made to the absence of the word solely. That is something that could have easily been corrected, and it would not be appropriate to reverse Judge Malloy for not inserting a word when there was never any objection whatsoever raised to that. And, second, the words based on mean solely based on to a jury. We're all lawyers, and we can look at that and imagine, well, based on might as a legal matter encompass multiple causes. Jurors are looking at this as laypersons, and they're going to read this as based on meaning. That's the reason that the defendant acted. And so it's at least not significant enough of an error to reverse, and that's especially so given that there was never any objection made to the omission of the word solely. There was an objection to the instruction. We've read it in the briefing and in the transcript, right? Yes. The objection was to the giving of the instruction based on the initial argument that you heard here today, which is that the instruction as a whole has no part, which is what power has rejected. There was never any bringing to the court's attention of any of these problems about the wording not including solely or the burden of proof issue or where it's tethered. Baked right into the statute. The contributing factor is baked right into the statute, right? It's not a subtle point. Well, the contributing factor doesn't actually appear in the FRSA. The FRSA has its own cause standard. It's due in whole or in part. Later in the FRSA, it incorporates the procedural and burden-shifting mechanism of AIR-21, and that's where contributing factor comes in. So what difference does that make? Why is that different than what I just said? You're not disputing that this is the correct standard, are you? Contributing factor? Well, we didn't challenge that at trial, no. Okay, so your point is? So my point is that the honest belief rule, as we've stated it, applies to the contributing factor, to that initial standard, whether you call it contributing factor or due in whole or in part. Okay. Can I reach the decision in this case without determining whether the contributing factor instruction is good or bad in this particular instance? You could reach it on the basis that your questions indicated earlier, that the jury answered that first question, which did not ask about the defendant's belief, but asked about the elements that were instructed. Did the jury ever have a chance to, thereafter, if they go to that first instruction, then it seems as if the honest belief instruction really has no relevance to their decision. Had they answered that question yes, would they have gotten to the point where they would have considered the honest belief instruction? It is unclear because, as has been pointed out, the instruction is not specifically tied to either the elements of the claim or to the defense, and Judge Malloy talked about it as though it could be either. That's the problem. Isn't that the problem? Isn't that the problem? I guess that's where I am. That is, and we would say that it goes with, it could be considered on both, that it goes with the contributing factor standard, which is what the Administrative Review Board has said, but it is also the basis for an affirmance because that problem, if it is a problem, was not something that was ever brought to the district court's attention. But it instructs, this instructs, I think you're exactly right. This is really just the nub of it for me. The instruction says BNSF cannot be liable if you conclude the defendant terminated based on the honest belief that he engaged in this conduct. Right. And if, I understand the issue about wanting to insert solely, and I think that means solely, but if the defendant acted on the basis of its honestly held belief, then that means it did not act on the basis of the protected conduct. And that is what the Armstrong. Can you say that again? If it acted on the basis of its honestly held belief. Honestly held belief that the employee had engaged in the alleged misconduct, then that means that it did not engage in the, that it did not act on the basis of the. It didn't retaliate. Protected activity. Exactly. It didn't retaliate. And that works if we insert the word solely. Well, again, I think based on, to the average jury means solely, but in any event that wasn't. I'm just trying to make sure I'm following your argument. But that wasn't raised. Well. Okay. I guess my worry comes in that, I mean, I went through instruction 12, and then I went down to instruction 15, which, if you will, defines what contributing factors are, describes the evidence which would meet the definition, and in no way does honest belief instruction enter into that at all. Is that true? Well, that is true as to the way it's written. I mean, as I read the instructions. That is correct as to the way that's written. My worry, I guess, is this. If I look at this, and I look at what the jury did, and I see instruction 12, I see what the plaintiff had to prove, and I go down to instruction 15 so I know what the contributing factors are, because one of the burdens is that the protected activity was a contributing factor, it doesn't seem to me that honest belief instruction is in there at all. And so, therefore, I'm having a tough time how honest belief instruction could have influenced the jury. That sounds pretty good until I go to the fact, supposing that, then I said that the plaintiff had met its burden. Yes. Rather than no, it didn't meet its burden. Yes, it did meet its burden. And at that point, it seems to me then the honest belief instruction is an instruction which comes after that says even if they meet their burden, the defendants can get off because they had an honest belief. That's no place in the instructions. So, then I come to the point where if that's no place in the instructions, so where does honest belief come in? That's what I kept asking the other counsel, and he wouldn't answer it. Now I'm going to ask you just exactly what I thought he would have answered. How is it that it wasn't a part of the fourth prong, the contributing factor prong? That if, in fact, there is an honest belief, then it factors into the contributing factor prong. And so, I guess I'm trying to figure out how can I make this happen, how can I make this work for you if I don't believe we should have an honest belief instruction? If you don't believe that we should have an honest belief instruction? I mean, I know the Eighth Circuit said the instruction is proper, and I know the Third Circuit said it isn't proper. So, here I am on the Ninth Circuit. We have never decided that. I know you want to say we have, but it was in a different context. I agree with my colleague. I'm not sure that's what we decided. So, in order for me to get there, I've either got to decide the Eighth Circuit is right or the Third Circuit is right, or I've got to find an alternative method. So, I'm giving you the chance to give me an alternative method in case I believe that the honest belief instruction was improper. Okay. The alternative method is to look at the Administrative Review Board, which is, to put it bluntly, very employee-friendly. And that board has nevertheless said that this rule applies, and it applies to that fourth factor. Well, all you're saying is adopt what the Eighth Circuit has done. What if I don't want to do that? What if I want to go to the Third Circuit? Is there a way I can affirm this trial and still say the honesty belief instruction was inappropriate? Well, that's where it is a little bit different, because the Administrative Review Board does not agree with our arguments that retaliatory intent is part of this claim, but they still say this honest belief rule is part of contributing factor. So, they're not adopting the Eighth Circuit view, which requires retaliatory intent, but they're saying, nevertheless, this rule applies. Well, the rule would apply. If the jury found that an employee were terminated based upon – I mean, it could apply two ways, right? If the jury found that the defendant had an on-the-face belief that the plaintiff hadn't engaged in protective conduct, then that's a possibility. That's Armstrong. Or if we think of it as applying at the step two of this two-part step, we're not in McDonnell-Douglas then, it's not a three-part test, but if just a part two, because even after plaintiff meets his or her prima facie burden, the defendant can come back by clear and convincing evidence, right? And so, we would have fired him anyway. We would have imposed this adverse employment action anyway, right? Okay. And that's where you need the word solely. If there were going to be an instruction to say we would have fired him solely on this basis, this is such an egregious safety violation, you could do it that way, I think. But that's not what this instruction – this instruction doesn't do either one of those two things. That's my problem. Well, it doesn't say whether it's applying to the defense or to the contributing factor, number one. That's right. But, again, that would have been the plaintiff's burden to make that objection to the judge and tell the judge you need to say which one of those two this goes with. Well, but the objection that was made was an objection that this flips the burden of proof, really, and conflates into step one, the plaintiff's burden to prove something that the statute doesn't require, as Judge Smith has just explained in detail. Well, I don't think that meets the standard for specifically telling the district judge. You've got to tell him something he can do to correct the error before it goes to the jury. That's the point of making the objection, not – Well, you're saying that counsel couldn't have just objected to the instruction itself but should have asked for an amendment thereto? Well, or explained in the course of the objection, one of my issues is it doesn't have the word solely. One of my issues is it doesn't say whether this goes with the contributing factor or with the defense. I understand your argument. And then the other – just a brief point I want to make about Armstrong and that honest belief. Again, that was an unusual statement of it, the normal view of honest belief rule, and we've cited cases from this court that state it. It is normally tied to the misconduct. In that case, the alleged misconduct overlapped with the alleged protected activity because the misconduct occurred in the course of the plaintiff engaging in alleged – When you say in that case, do you mean in Armstrong? Armstrong, yes. And so that's why the district judge instructed it that way. That is the unusual one. And we've had other cases since then where the judge has instructed more like the court did here because they're more the typical cases which turn on the employer's belief of alleged misconduct, not on a belief one way or the other about protected activity. Judge Smith and I have barely let Judge Fernandez get a word in edgewise. Do you have any questions? He seems satisfied. Thank you for your argument, counsel. Thank you. I appreciate your patience. You've saved, I think, three minutes, sir. Thank you, Your Honor. I want to address first this idea of the objection. The objection was made both to the honest belief concept itself, saying it has no place in this burden structure at all, and the objection also said – Why is the Eighth Circuit wrong? The Eighth Circuit with respect to CUDIT? Because there is no the honest belief concept. I mean, the Eighth Circuit went right at this. Based on the plain text of the FRSA, actions like the one are at their core discrimination actions. Therefore, one must show animus or discriminatory intent. That's what they said. That is what they said. The question in this case is who holds the ultimate burden of proof. Under this statutory burden structure, defendant holds the ultimate burden of proof. It can be a discrimination statute. It can be an intentional discrimination statute, just as defendant argues. That necessarily doesn't imply that the plaintiff is required to prove intent and animus. What happens in this burden structure is – Well, sure, the plaintiff has to prove that. But didn't the Seventh Circuit get this right? The plaintiff has to show that he engaged in protective conduct, right? Sure, that's one of the elements. And that they retaliated, and that has to have at least been a contributing factor. The protective conduct has to have at least been a contributing factor. That is the discrimination. That raises an inference of discrimination. Right, that's the prima facie case. Correct. And then defendant has the ultimate burden to disprove its retaliatory motive that is presumed or assumed at the point after plaintiff satisfies that prima facie burden to show that they did not. Exactly. Only if you meet your prima facie burden. And that's my problem with this instruction. Since it says that the defendant cannot be held liable if the safety violation was committed, then it seems to me that that could have been read at Step 1 or at Step 2. And I think, Your Honor, you're hitting on the point. The instruction foreclosed any possibility. It said they cannot be held liable. And it was essentially a silver bullet allowing the jury to pick out one instruction, to ignore all other instructions, all other evidence, and rule in favor of defendant solely based on that. Well, it seems a little difficult that that's what you think the jury could do when they had instruction as to what the plaintiff had as a burden, and when they came down to whether they met their burden, they said no. The problem, Your Honor, is we don't know what the jury did. And if we don't know what the jury did. Well, just a minute. As I say, we got an instruction. We got an instruction as to what the contributing factors are. And then we have a question, which is the verdict. Did they meet this burden? And it says no. The question is we don't know if this honest belief instruction impacted the verdict. And if we don't know, the answer is it's error and it's reversible. Where does it say that? Why can't I just say then if we don't know, it's harmless error, since they could reach it otherwise? Because they have to prove that it did not impact the verdict. We don't have to prove that it did. They have to prove that it did not. If we agree with you that the instruction was incorrect. Correct. I see that my time is coming to an end. That's all I have unless Your Honor has more questions. Thank you. Thank you both for your helpful arguments. Appreciate them very much. We'll take that case under advisement and move on to the next case on the calendar. We only have two cases on the calendar today.
judges: Fernandez, N.R. Smith, Christen